IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY LEE RUSSELL                                                                PETITIONER

VS.                           CASE NO. 5:15CV00006 DPM/HDY

WENDY KELLEY, Director,
Arkansas Department of Correction (ADC)                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr.. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

In 2012, Roy Lee Russell was tried by a Desha County jury on the charges of three counts of kidnapping, one count of aggravated assault, three counts of rape, one count of second-degree battery, and one count of being a felon in possession of a firearm. Mr. Russell was acquitted of all charges except second degree battery and being a felon in possession of a firearm. He was sentenced as an habitual offender to fifteen years for second degree battery, and to forty years for being a felon in possession of a firearm. The sentences were ordered to be served consecutively. On direct appeal Mr. Russell challenged the sufficiency of the evidence, specifically arguing that the evidence of second degree battery and felon in possession was insufficient in light of the jury's acquittal on the charge of aggravated assault. The Arkansas Court of Appeals affirmed the convictions. *Russell v. State*, 2014 Ark. App. 357. Mr. Russell filed a timely Rule 37 petition with the trial court in September of 2014, alleging eight grounds of ineffective assistance of trial counsel. One week after the Rule 37 petition was filed the trial court summarily dismissed the petition for lack of jurisdiction. Mr. Russell appealed this ruling, and the Supreme Court of Arkansas, noting the lack of an explanation for the trial court's decision, reversed and remanded the case for further proceedings. The Supreme Court of Arkansas rendered its decision on December 11, 2014, and the Rule 37 petition is currently pending in the Desha County Circuit Court. The current federal habeas corpus petition, filed on January 5, 2015, advances the claim raised on direct appeal and the eight claims of ineffective assistance of counsel raised in the pending Rule 37 petition.

The respondent urges that the petition should be dismissed without prejudice because it is a "mixed petition" – that is, the petition contains a claim (insufficiency of the evidence) which was exhausted and claims (the eight claims of ineffective assistance of counsel) which are not yet exhausted in state court.

Prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 1996, it was clear that mixed petitions were to be dismissed by federal courts and petitioners were required to return to state court and totally exhaust their claims before returning to federal court. *See Rose v. Lundy*, 455 U.S. 509 (1982). The AEDPA's one-year statute of limitation introduced a new variable to the mixed petition equation. A post AEDPA petitioner could conceivably file a timely federal mixed petition, have it dismissed due to its mixed nature, and later be barred from pursuing the petition due to the limitations period, which expired while the petitioner was exhausting his claims in state court. The United States Supreme Court addressed this issue in *Rhines v. Weber*, 544 U.S. 269 (2005), holding that a federal habeas petition may, in limited circumstances, be held in abeyance to allow a petitioner to return to state court and exhaust his legal remedies. The district court is charged with determining whether it is appropriate to dismiss the petition without prejudice or to stay the federal proceedings to allow the petitioner to exhaust his state court remedies. The respondent in this instance urges that dismissal without prejudice is warranted.

The *Rhines* Court notes that two of the goals of AEDPA were to encourage the finality of state court judgments and to streamline federal habeas corpus proceedings, and the Court cautions that staying a case may frustrate these goals. As a result, the Court found as follows:

> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy, supra,* at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, *e.g., Zarvela,* 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See *id.,* at 380-381.
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See *Lundy,* 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 102 S.Ct. 1198 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines v. Weber*, 544 U.S. at 277-278.

In this instance, we find that the relevant factors weigh against staying the case. There is no "good cause" for the petitioner's failure to first exhaust his claims in state court. Instead, the reason for Mr. Russell's failure to exhaust appears to simply be eagerness on his part, resulting in the filing of his federal habeas petition here in January of 2015 only a month after the Supreme Court of Arkansas reversed and remanded his Rule 37 petition for further proceedings in state court.

4

Mr. Russell has the option, as the United States Supreme Court details in *Rhine*, to amend his petition to delete the ineffective assistance of counsel claims rather than returning to state court to exhaust these claims. If he desires to delete these claims and proceed only on the sufficiency of the evidence claim, he should indicate his intention to do so within fourteen days of the findings and recommendations. If Mr. Russell does not choose to delete his unexhausted claims and proceed, we recommend that the petition be dismissed without prejudice to exhaust his claims in state court. Assuming Mr. Russell chooses not to delete his unexhausted claims, and consistent with the instructions of *Rhine*, Mr. Russell is directed file his federal habeas corpus petition within sixty (60) days after the conclusion of his Rule 37 proceedings (now pending) in state court[1].

In summary, we recommend the "mixed" petition for writ of habeas corpus be dismissed without prejudice to the petitioner's ability to pursue his pending state court relief, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  9   day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The respondent concedes that it appears that Mr. Russell will encounter no statute of limitations problems if he proceeds with his habeas petition soon after the conclusion of the state Rule 37 proceedings. "But to all that appears, the statute of limitations has only run for a week on the instant habeas-corpus application, and, indeed, is not running now." Docket entry no. 6, page 18. The Court concurs with the respondent's calculation of the limitations period.